DANIEL L. LAROCQUE, District Attorney, Marathon County
In your letter of September 22, 1972, you request my interpretation of sec. 12.64, Stats., as it pertains to recent complaints arising in your area.
Section 12.64 (1), Stats., provides, in part, that no person shall solicit voters for any candidate or party or engage in any electioneering whatever on the day of any election within 100 feet *Page 442 
of any entrance to any building containing any polling place. You state that two types of complaints have been made under this prohibition. First, people carrying car tops or bumper stickers are parking their cars within 100 feet of the entrance to the polling place while they proceed to vote. Second, some persons wear pins designating support for a particular candidate within 100 feet of the entrance to the polling place, including the actual site at which they attempt to vote.
You have already noted in your letter that, in your opinion, a constitutional issue is involved. In fact, in Mills v. Alabama
(1966), 384 U.S. 214, 86 S.Ct. 1434, 16 L.ed. 2d 484, the court held that a similar statute which made is a crime to solicit any votes on election day could not be constitutionally enforced against a newspaper editor who published an editorial urging people to vote in favor of a particular form of government. However, the court stressed the unique place in our political history of freedom of the press and its critical importance in apprising voters of all sides of any issue. Extending somewhat the reasoning contained in Mills, this office ruled a few years ago that sec. 12.13, Stats., which prohibits the paying or incurring of any obligation for services to be performed on the day of any primary election, could not be constitutionally applied to ban publication or distribution of campaign advertising on election day. 55 OAG 133 (1966).
However, Mills does not completely void sec. 12.64, Stats. It merely indicates that it may be unconstitutionally applied. It is apparent that sec. 12.64, Stats., still possesses some constitutional validity if properly applied. The court noted (384 U.S. at 218):
"* * * We should point out at once that this question in no way involves the extent of a State's power to regulate conduct in and around the polls in order to maintain peace, order and decorum there."
It is perhaps inappropriate and impossible to set forth in a letter such as this the proper place for the dividing line between constitutionally protected activity and activities that are not constitutionally protected in that they disturb the peace, order, or decorum of the voting process. This is a determination that must be made in the first instance by the local officials concerned. You *Page 443 
have already indicated an awareness of the problem, and, therefore, you are in a position to legally advise the proper officials of obvious guidelines within to assess each individual situation.
You also indicate that, where persons are found to be violating sec. 12.64 (1), Stat., election officials have refused to permit such persons the right to vote until they remove car tops, bumper stickers, or political buttons or pins, as the case may be. In my opinion, even though election officials may feel that a particular person is in violation of sec. 12.64 (1), Stats., this does not operate to result in the disenfranchisement of the alleged violator. In other words, the violator must be allowed to vote, and the election officials can report the alleged violation to the appropriate officials, including you. Criminal prosecution or penalties may follow, but the person may not be deprived of his right to vote.
RWW:DPJ